IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EMI SASAKI, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:07-CV-188-Y |
| § | | |
| W. ELAINE CHAPMAN, Warden,[1] § | | |
| FMC-Carswell, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B. PARTIES

Petitioner Emi Sasaki, Reg. # 89897-011, is a federal prisoner who is incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

---

[1] Ginny Van Buren was replaced by W. Elaine Chapman as Warden of FMC-Carswell. Thus, Chapman should be automatically substituted as a party. FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of Respondent accordingly.

C. PROCEDURAL HISTORY

Sasaki is serving a 30-year term of confinement for her 1989 convictions for manslaughter and aggravated assault in the District Court for the Territory of Guam. (Resp't Response at 1; Resp't Appendix, Exh. 1) She filed this petition on March 18, 2007, requesting a stop to administration of all psychotic medications at FMC-Carswell. (Petition at 4)

D. DISCUSSION

Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration. *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions. *See Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987); *see also Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Because Sasaki does not challenge the fact or duration of her confinement in the instant petition, she is not entitled to habeas relief. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Spina*, 821 F.2d at 1127-28.

## II. RECOMMENDATION

Sasaki's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 27, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 27, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 6, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE